IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFTER MOVIE II, LLC, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>WIDEOPENWEST FINANCE, LLC,<br>Defendant. | Case No. 24-679 |

**PLAINTIFFS' MOTION TO COMPEL NON-PARTY TROY WILSON TO
IMMEDIATELY COMPLY WITH NOVEMBER 17 *SUBPOENA DUCES TECUM***

**I.   INTRODUCTION**

Plaintiffs AFTER MOVIE II, LLC, BADHOUSE STUDIOS, LLC, BODYGUARD PRODUCTIONS, INC., DALLAS BUYERS CLUB, LLC, HANNIBAL CLASSICS INC., I AM WRATH PRODUCTION, INC., LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., PARADOX STUDIOS, LLC, RAMBO V PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC, VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, WONDER ONE, LLC, HITMAN TWO PRODUCTIONS, INC., and CINELOU FILMS, LLC ("**Plaintiffs**"), by and through their counsel, move this Court to grant an order: compelling non-party TROY WILSON ("**Wilson**") to fully produce documents in response to Plaintiffs' subpoena.  This Motion is pursuant to Federal Rules of Civil Procedure 26(b)(1), 34(c), and 45(d)(2)(B)(i) as well as Local Rules 7.1 and 37.2.

**A.   Brief Factual and Procedural History**

On Oct. 1, 2021, Plaintiffs filed a First Amended Complaint ("**FAC**") in a case currently pending in federal district court for the District of Colorado, against Defendant WIDEOPENWEST

FINANCE, LLC ("**WOW**"), a provider of Internet and cable TV services. The FAC in the Colorado matter alleges, *inter alia,* that WOW is secondarily liable for WOW's subscribers' infringements of copyrights in Plaintiffs' various motion pictures (collectively, the registered "**Works**") and violations of the integrity of copyright management information ("**CMI**") in digital copies of Plaintiffs' Works (these alleged violations, the "**DMCA violations**"). *See After II Movie, LLC, et al., v. WideOpenWest Finance, LLC, et al.*, No. 1:21-cv-1901-DDD-MEH (D. Col.) ("*After II*") at Doc. #25. The FAC is the current operative pleading in the pending District of Colorado federal copyright infringement/DMCA litigation (*After II*).

The *After II* FAC alleges that WOW's third-party subscribers collectively used WOW's Internet service to pirate Plaintiffs' movies thousands of times by sharing illegitimate file copies of the Works, with CMI modified, to refer to notorious movie piracy websites, such as YTS and RARBG. The FAC further alleges that Plaintiffs' agents as well as agents of other copyright holders sent WOW tens of thousands of notices informing of its subscribers' ongoing piracy, but WOW took no meaningful action in response to the notices. *See id.*

On Oct. 29, 2021, WOW filed a motion to dismiss the *After II* FAC in which it asserted: "For the entire period relevant to this case, WOW has had in place a safe harbor policy pursuant to the Digital Millennium Copyright Act ("**DMCA**"), under which WOW terminates the accounts of accused copyright infringers in appropriate circumstances." *See After II* at Doc. #35.

On Jan. 19, 2022, the District of Colorado granted Plaintiffs' motion for a Cable Act Order authorizing disclosure of Defendant's subscribers' identities and ordering Defendant to begin the Cable Act notification process. *After II Movie, LLC v. Wideopenwest Fin., LLC*, Civil Action No. 21-cv-01901-DDD-MEH, 2022 U.S. Dist. LEXIS 238144 (D. Colo. Jan. 19, 2022). Particularly, the Court agreed with the Plaintiffs that "the subscribers' personally identifiable information is relevant to confirm whether the piracy was done by Defendant's subscriber and determine whether

the subscribers received notifications and any disciplinary measures from Defendant." *Id.* at *4-5.

On Mar. 31, 2023, the District of Colorado denied WOW's motion to dismiss Plaintiffs' secondary liability claims. In that opinion, the Colorado Court acknowledged that the Plaintiffs had sufficiently pleaded in the *After II* FAC "that Defendant's advertisements for high download speeds and known practice of ignoring or failing to act on notices of infringement serve as a draw for subscribers." *After II* at Doc. #128, p9.

On May 5, 2023, WOW filed an Amended Answer and Affirmative Defenses to the FAC where it, *inter alia*: (i) denied that its subscribers use BitTorrent to infringe Plaintiffs' rights; (ii) denied that Plaintiffs had sent it thousands of notices; (iii) denied that it could control the conduct of its subscribers or that it monitored or controlled the conduct of its subscribers; and (iv) asserted that Plaintiffs' claims were barred because "…Defendant has adopted and reasonably implemented, and has informed subscribers and account holders of, a policy that provides for the termination of internet service in appropriate circumstances of subscribers and account holders alleged to be repeat copyright infringers." *After II* at Doc. #145, pp 48-49.

On April 4, 2019, some of the same Plaintiffs from the *After II* Colorado case also filed suit against the operator of the piracy website YTS.MX in a series of cases in the District of Hawaii (Case Nos. 1:19-cv-00169-LEK-KJM, 1:19-cv-389-ACK-KJM and 1:19-cv-1:19-cv-00413-SOM-KJM). In 2020, the Hawaii Defendant (*i.e.*, the YTS website operator) provided account information on its registered users, which included (i) the email address used to register for an account with the YTS website, (ii) the torrent files the registered user downloaded, and (iii) the IP addresses from where the users logged into the YTS website and downloaded the torrent files. (*See* Ex. "1").

The information from the YTS website operator shows that a user with email address "troy.wilson@gmail.com" logged into the YTS website multiple times in 2019 from IP address 75.118.149.167 and downloaded torrent files for pirating copies of *I Feel Pretty* and *Lone Survivor*.

3

*See id.*, pp. 2, 10. The email address "troywilson@gmail.com" is associated with the respondent here, non-party Wilson.

Publicly available records from the American Registry of Internet Numbers ("**ARIN**") show that IP address 75.118.149.167 used by Wilson was assigned to WOW in 2019. *See* Ex. "2".

Because user Wilson accessed the YTS website using a WOW IP address, it is appropriate to seek discovery from him in the case against WOW, namely, the *After II* litigation pending in Colorado. On Nov. 17, 2023, Plaintiffs issued a *subpoena duces tecum* from the District of Colorado, with a response deadline of Dec. 8, 2023, to be served on non-party Troy Wilson requesting: "All written communications with WOW concerning piracy from June 1, 2015 to the present. All personal computing records pertaining to usage of BitTorrent from June 1, 2015 to the present. All social media account usernames used including for Reddit, Twitter and Facebook from June 1, 2015 to present. Records of all movie piracy websites (including but not limited to YTS, 1337x, RARBG, Torrent Galaxy, The PirateBay) that were used at your Internet service. All torrent files downloaded from YTS website." (*See* Ex. "3"). Non-party Wilson was served the *subpoena duces tecum* on Nov. 19, 2023.

On Dec. 8, 2023, non-party Wilson emailed Plaintiffs' counsel informing that he had been served with the subpoena and "would rather all communication be through a lawyer." (Ex. "4").

As of the date of this motion, neither non-party Wilson nor any representative on his behalf has served any response to the subpoena or informed Plaintiffs' counsel that a response was forthcoming.

II.  ARGUMENT

   A.  Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case…Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *Ligas v. Maram*, No. 05 C 4331, 2007 WL 4225459, *3 (N.D. Ill. Nov. 27, 2007); *In re Kraft Heinz Sec. Litig.*, No. 19 C 1339, 2022 WL 19830663, *1 (N.D. Ill. Dec. 5, 2022) ("considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Rule 34(c) states "As provided in Rule 45, a nonparty may be compelled to produce documents…" FED. R. CIV. P. 34(c); *Hankins v. Alpha Kappa Alpha Sorority, Inc.*, 619 F. Supp. 3d 828, 833 (N.D. Ill. 2021).

Rule 45(a)(1)(D) provides for a party to serve subpoenas to produce documents on third parties. FED. R. CIV. P. 45(a)(1)(D); *Hankins*, 619 F. Supp. 3d at 833. Rule 45(d)(2)(B)(i) provides that "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i); *Sprint Sols., Inc. v. iCell Guru, Inc.*, 310 F.R.D. 563, 566 (N.D. Ill. 2015).

While the party requesting discovery has an initial burden of establishing relevancy, the party opposing discovery has the burden of proving that the requested discovery subjects a party to an undue burden and therefore should be disallowed. *Kraft Heinz*, 2022 WL 19830663 at *1.

    **A.    The Discovery Requested is Relevant and Proportional to the Needs of the Case.**

The documents Plaintiffs request from non-party Wilson in the Rule 45 subpoena are clearly relevant and proportional to the needs of the case.

Documents responsive to Plaintiffs' request for "All written communications with [WOW] concerning piracy from June 1, 2015 to the present" will refute Defendant's assertion that it promptly informed subscribers of piracy and rebut Defendant's safe harbor affirmative defense.

5

(*See* Ex. 3, Request 1).

Records Plaintiffs request on "All personal computing records pertaining to usage of BitTorrent from June 1, 2015 to the present" as well as "All torrent files downloaded from YTS website" will prove direct infringement and thus Plaintiffs' allegation that Defendant's subscribers directly infringe Plaintiffs' exclusive rights (and that Defendant is liable for its subscribers' piracy). (*See* Ex. 3 at Requests 2, 5).

Plaintiffs have evidence of individuals purporting to be customers of Defendant boasting on social media how Defendant's service is great for piracy[1]. For example:



---

[1] These are screenshots Plaintiffs' counsel obtained from Reddit.

Accordingly, Plaintiffs requested information on "all social media account usernames used including for Reddit, Twitter and Facebook from June 1, 2015 to present." (*See* Ex. 3 at Request 3). At a minimum, evidence of Defendant's customers boasting of how "amazing" Defendant's service is for piracy will support Plaintiffs' claim of vicarious infringement (by showing that the ability to freely pirate content is a draw for using WOW's services).

Finally, Plaintiffs also request "Records of all movie piracy websites (including but not limited to YTS, 1337x, RARBG, Torrent Galaxy, The PirateBay) that you have used" and "All torrent files downloaded from YTS website." (*See* Ex. 3 at Requests 4-5). In addition to proving direct infringement, evidence of this request will support Plaintiffs' claim for secondary liability for 17 U.S.C. §1202 DMCA violations based upon Defendant's subscribers sharing pirated copies of Plaintiffs' Works with file titles altered to refer to these notorious movie piracy websites.

Accordingly, the information Plaintiffs request is highly relevant to central claims of their case. Additionally, non-party Wilson is best-suited to access the information requested, as it is information that would be most easily accessed directly from the users themselves.

  C. **The Non-Party Failed to Serve Any Response to the Subpoena.**

Non-party Wilson has acknowledged receiving Plaintiffs' *subpoena duces tecum*. (*See* Ex. "4"). However, nonparty Wilson failed to serve any response. In failing to serve a response, non-party Wilson has failed to identify any burden associated with producing the requested documents. Accordingly, he has waived his opportunity to make objections. *See* FED. R. CIV. P. 45(d)(2)(B) (an "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").

**III. CONCLUSION**

Accordingly, Plaintiffs pray that this Court grant its motion to compel Nonparty Wilson to fully respond to the subpoena within 7 business days and grant them any other relief that justice

dictates.

## IV. LOCAL RULE 37.2 STATEMENT

Plaintiffs' undersigned counsel Kerry Culpepper certifies that, prior to filing this motion, he attempted to meet and confer with the non-party affected by this motion in a good faith effort to resolve this dispute pursuant to LR 37.2. These attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Counsel's attempts to engage in consultation included the following: counsel responded to non-party Wilson's Dec. 8, 2023 email asking non-party Wilson to respond when he had retained counsel and/or to call counsel directly to discuss.

Dated: January 25, 2024     Respectfully submitted,

*/s/ Kerry S. Culpepper*

Kerry S. Culpepper (DC Bar No. 474612)
Culpepper IP, LLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
Tel: 808-464-4047
Fax: 202-204-5181
kculpepper@culpepperip.com

Jami A. Gekas (ARDC 6275196)
Gabriella M. Salek (ARDC 6342686)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jgekas@foley.com
gsalek@foley.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Kerry S. Culpepper, an attorney, hereby certify that a true and correct copy of the foregoing was served on non-party Troy Wilson pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) and Local Rule 5.5 of the Northern District of Illinois at their last known address:

<u>Via First Class Mail</u>
Troy Wilson
1135 E. Prairie Ave.,
Des Plaines, IL 60016

<u>Via E-mail</u>
Troy Wilson troy.wilson@gmail.com

Dated: January 25, 2024              Respectfully submitted,

*/s/ Kerry S. Culpepper*

Kerry S. Culpepper (DC Bar No. 474612)
Culpepper IP, LLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
Tel: 808-464-4047
Fax: 202-204-5181
kculpepper@culpepperip.com

Jami A. Gekas (ARDC 6275196)
Gabriella M. Salek (ARDC 6342686)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jgekas@foley.com
gsalek@foley.com

*Attorneys for Plaintiffs*